**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

MARK MCCULLICK,

      Respondent-Plaintiff,

                                  Case No. 19-10416
v.                                 Hon. Thomas L. Ludington
                                 Hon. David R. Grand

JIM WILLIAMS, Jr.

      Petitioner-Defendant.
_____/

**OPINION AND ORDER DENYING RESPONDENT'S MOTION TO DISMISS AND DIRECTING RESPONDENT TO FILE A RESPONSE TO THE PETITION**

On February 5, 2019, Michigan prisoner Jim Williams, Jr., filed a petition for writ of habeas corpus, challenging his jury trial convictions in Wayne Circuit Court of assault with intent to do great bodily harm, Mich. Comp. Law § 750.84, and other offenses related to a shooting that occurred after an altercation. Petitioner challenges the effectiveness of trial counsel and the improper habitual-offender enhancement for his sentence. ECF No. 1 at PageID.7-10. Respondent Mark McCullick filed a motion to dismiss claiming Petitioner's sentencing claim is unexhausted, resulting in a "mixed" petition. ECF No. 7.

As explained below, Petitioner has not exhausted his state court remedies as to his sentencing claim. However, a return to the state courts would be futile. Therefore, Respondent's motion to dismiss the petition will be denied without prejudice. Respondent will be directed to respond to the petition.

**I.**

The Michigan Court of Appeals summarized the facts of Petitioner's case as follows:

> According to the evidence introduced at trial, defendant had an altercation with Demetrius Beckum at a liquor store on April 30, 2015. Later that day, defendant fired several shots at Beckum while Beckum was speaking to Verdena Jamison on Jamison's front porch. Beckum was shot in the foot. Defendant then fled the scene in a blue-green van. Beckum identified defendant as the shooter, and Jamison's neighbor, Jeffery Woodford, heard the shots and saw defendant driving away in the blue-green van.

*People v. Williams*, No. 335608, 2018 WL 1767288, at *1 (Mich. Ct. App. Apr. 12, 2018), *leave to appeal denied*, 503 Mich. 875 (2018). Petitioner was convicted of assault with intent to do great bodily harm, Mich. Comp. Law § 750.84; discharging a firearm at a building causing injury, § 750.234b(3); carrying a dangerous weapon with unlawful intent, § 750.226; felon in possession of a firearm, § 750.224f; carrying a concealed weapon (CCW), § 750.227; and possession of a firearm during the commission of a felony, second offense, § 750.227b. *Id*. He was sentenced to a term of incarceration of five to ten years for the assault charge; six years, eleven months to fifteen years on the firearm discharge count; a determinate five-year sentence for the second felony-firearm offense; and twenty-one months to five years on the remaining charges. *See* Mich. Ct. of App. record at 14, ECF No. 8-16 at PageID.965 (Judgment of Sentence, October 13, 2016). Each of the sentences were imposed concurrently except the sentence for the assault conviction and felony-firearm conviction were imposed consecutively. *Id.*

Petitioner appealed by right. He raised two claims: ineffective assistance of trial counsel and improper habitual-offender sentence enhancement, where no notice was provided as required by statute. *See id*. at 38, PageID.989.

While his direct appeal was pending, Petitioner moved for and was granted re-sentencing in the trial court. 7-14-17 Post-Conv'n Hr'g Tr. at 9, ECF 8-14 at PageID.929, 934. He was re-sentenced with no habitual offender enhancement. Mich. Ct. of App. record at 142, ECF No. 8-16 at PageID.1092-1093. Petitioner's minimum sentence for the assault charge was reduced by

seventeen months, to forty-three months; the firearm discharge count minimum was reduced eighteen months to five years, five months, and the sentence on the felony-firearm charge was reduced to 60 months. *Id*. at 141, PageID.1092 (Amended Judgment of Re-Sentence, Sept. 19, 2017). All sentences are still concurrent, with the exception of the assault and felony-firearm convictions which are still consecutive.

Petitioner's re-sentencing without the habitual-offender enhancement mooted his original sentencing issue on direct appeal. Accordingly, through his appellate attorney, Petitioner filed an amended brief in the state court of appeals, which revised the sentencing issue as follows:

> Did the trial court err in imposing a sentence which violates the principle of proportionality as set forth by *People v. Milbourn*[, 435 Mich. 630 (1990)] and is unreasonable in violation [of] *People v. Lockridge*[, 498 Mich. 358 (2015)], thereby entitling the Defendant-Appellant to re-sentencing?

*Id*. at 120, PageID.1071.

The state court of appeals found Petitioner's first claim, ineffective assistance of trial counsel, to be "without merit." *Williams*, 2018 WL 1767288, at *3. It then addressed and rejected Petitioner's amended sentencing issue, his "unreasonable and disproportionate" sentence. *Id*. The court held that "[a] sentence within the applicable sentencing guidelines range need not be reviewed for reasonableness and . . . . a sentence within the advisory guidelines range is presumptively proportionate . . ." *Id*. (citations and internal quotation marks omitted). The opinion acknowledged Petitioner's re-sentencing, *id*. at *1, but did not address or refer to Petitioner's original, habitual-offender-enhanced sentences or his challenge to the enhancement.

Petitioner, proceeding *pro se*, sought leave to appeal in the Michigan Supreme Court. In his application, Petitioner repeated his ineffective assistance of counsel claim to the Supreme Court. However, his second claim reflected his initial sentencing challenge: the improper application of habitual-offender enhancement without notice claim he initially made to the Court

of Appeals before he was re-sentenced, not the "unreasonable and disproportionate" claim he ultimately made to the Court of Appeals. Mich. Sup. Ct. record at 20, ECF No. 8-17 at PageID.1158 ("The Defendant-Appellant is entitled to re-sentencing where the trial court improperly enhanced his sentencing where no habitual notice had been filed and no plea to the habitual status had been taken."). Despite accurately quoting the Michigan Court of Appeals opinion as providing "[d]efendant argues that his sentence is unreasonable and disproportionate . . ." (*Id*. at 23, PageID.1161), Petitioner challenges the Court of Appeals's characterization of the issue: "On the contrary I, Defendant-Appellant argued that I had been erroneously sentenced as a Habitual offender fourth [w]hen there was no filing, or proper notice in the trial courts for the sentence enhancement . . . ." *Id*.

The Michigan Supreme Court denied leave to appeal, *Williams*, 503 Mich. 875 (Mich. 2018), and Petitioner timely filed his application *pro se* in this Court for the writ of habeas corpus. Petitioner states his grounds for habeas relief as follows:

> I. The Defendant-Appellant is entitled to reversal of his conviction where trial counsel provided ineffective assistance of counsel such as depriving him of his Sixth Amendment [right] and the right to a fair trial thereby violating his right to due process as guaranteed by the Fourteenth Amendment of the United States.
>
> II. The Defendant-Appellant is entitled to re-sentencing where the trial court improperly enhanced his sentencing where no habitual notice had been filed and no plea to the habitual status had be[en] taken violating guaranteed due process rights a defendant is entitled to, as a matter of due process of law to be sentenced on the basis of accurate information. . . .

Pet. at 9, ECF No. 1, PageID.7-9.

Respondent filed Rule 5 materials and a motion to dismiss the petition as "mixed," because it contains both an exhausted claim (ineffective assistance of counsel) and an unexhausted one (the sentencing challenge). ECF Nos. 7 & 8. Petitioner filed a response to the motion to dismiss. ECF No. 9. Petitioner's response, however, does not respond to Respondent's argument that his

of Appeals before he was re-sentenced, not the "unreasonable and disproportionate" claim he ultimately made to the Court of Appeals. Mich. Sup. Ct. record at 20, ECF No. 8-17 at PageID.1158 ("The Defendant-Appellant is entitled to re-sentencing where the trial court improperly enhanced his sentencing where no habitual notice had been filed and no plea to the habitual status had been taken."). Despite accurately quoting the Michigan Court of Appeals opinion as providing "[d]efendant argues that his sentence is unreasonable and disproportionate . . ." (*Id*. at 23, PageID.1161), Petitioner challenges the Court of Appeals's characterization of the issue: "On the contrary I, Defendant-Appellant argued that I had been erroneously sentenced as a Habitual offender fourth [w]hen there was no filing, or proper notice in the trial courts for the sentence enhancement . . . ." *Id*.

The Michigan Supreme Court denied leave to appeal, *Williams*, 503 Mich. 875 (Mich. 2018), and Petitioner timely filed his application *pro se* in this Court for the writ of habeas corpus. Petitioner states his grounds for habeas relief as follows:

> I. The Defendant-Appellant is entitled to reversal of his conviction where trial counsel provided ineffective assistance of counsel such as depriving him of his Sixth Amendment [right] and the right to a fair trial thereby violating his right to due process as guaranteed by the Fourteenth Amendment of the United States.
>
> II. The Defendant-Appellant is entitled to re-sentencing where the trial court improperly enhanced his sentencing where no habitual notice had been filed and no plea to the habitual status had be[en] taken violating guaranteed due process rights a defendant is entitled to, as a matter of due process of law to be sentenced on the basis of accurate information. . . .

Pet. at 9, ECF No. 1, PageID.7-9.

Respondent filed Rule 5 materials and a motion to dismiss the petition as "mixed," because it contains both an exhausted claim (ineffective assistance of counsel) and an unexhausted one (the sentencing challenge). ECF Nos. 7 & 8. Petitioner filed a response to the motion to dismiss. ECF No. 9. Petitioner's response, however, does not respond to Respondent's argument that his

of Appeals before he was re-sentenced, not the "unreasonable and disproportionate" claim he ultimately made to the Court of Appeals. Mich. Sup. Ct. record at 20, ECF No. 8-17 at PageID.1158 ("The Defendant-Appellant is entitled to re-sentencing where the trial court improperly enhanced his sentencing where no habitual notice had been filed and no plea to the habitual status had been taken."). Despite accurately quoting the Michigan Court of Appeals opinion as providing "[d]efendant argues that his sentence is unreasonable and disproportionate . . ." (*Id*. at 23, PageID.1161), Petitioner challenges the Court of Appeals's characterization of the issue: "On the contrary I, Defendant-Appellant argued that I had been erroneously sentenced as a <u>Habitual offender fourth</u> [w]hen there was no filing, or proper notice in the trial courts for the sentence enhancement . . . ." *Id*.

The Michigan Supreme Court denied leave to appeal, *Williams*, 503 Mich. 875 (Mich. 2018), and Petitioner timely filed his application *pro se* in this Court for the writ of habeas corpus. Petitioner states his grounds for habeas relief as follows:

> I. The Defendant-Appellant is entitled to reversal of his conviction where trial counsel provided ineffective assistance of counsel such as depriving him of his Sixth Amendment [right] and the right to a fair trial thereby violating his right to due process as guaranteed by the Fourteenth Amendment of the United States.
>
> II. The Defendant-Appellant is entitled to re-sentencing where the trial court improperly enhanced his sentencing where no habitual notice had been filed and no plea to the habitual status had be[en] taken violating guaranteed due process rights a defendant is entitled to, as a matter of due process of law to be sentenced on the basis of accurate information. . . .

Pet. at 9, ECF No. 1, PageID.7-9.

Respondent filed Rule 5 materials and a motion to dismiss the petition as "mixed," because it contains both an exhausted claim (ineffective assistance of counsel) and an unexhausted one (the sentencing challenge). ECF Nos. 7 & 8. Petitioner filed a response to the motion to dismiss. ECF No. 9. Petitioner's response, however, does not respond to Respondent's argument that his

sentencing claim is unexhausted. Instead, Petitioner argues that his claim was not procedurally defaulted by the state courts—an argument not raised by Respondent's motion—and does not address whether or how his sentencing issue was exhausted in the state courts. Reply at 1-2, ECF No. 9 at PageID.1214-1215. The response also cites an "incorrect charge," an issue not raised in the sentencing claim. *Id.* at 2, PageID.1215.

The doctrine of exhaustion of state remedies requires a state prisoner to "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process." *Id*. at 845. In Michigan, each habeas issue must be raised in both the Michigan Court of Appeals and the Michigan Supreme Court before a prisoner may seek federal habeas corpus relief. *Sanders v. Lafler*, 618 F. Supp. 2d 724, 731 (E.D. Mich. 2009). The burden is on the petitioner to prove exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

"Claims not first raised in state court are unexhausted and are ordinarily dismissed without prejudice, in order to permit the petitioner the opportunity to pursue them in state court." *Alley v. Bell*, 307 F.3d 380, 385 (6th Cir. 2002) (citing *Rose v. Lundy*, 455 U.S. 509, 518, 520–22 (1982)). "*Rose* requires dismissal of mixed petitions, which . . . means that the prisoner must follow one of the two paths outlined in *Rose* if he wants to proceed with his federal habeas petition." *Pliler v. Ford*, 542 U.S. 225, 233 (2004) (citing *Rose*, 455 U.S. at 510). Those "two paths" are either a return to state court to exhaust any unexhausted claims or a resubmittal of the habeas petition to present only exhausted claims to the federal district court. *Id*. (citing *Rose*, 455 U.S. at 510).

Under certain circumstances, a federal court may stay and abey habeas proceedings on a mixed petition. *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005). *Rhines*' criteria for a stay are good

cause for the failure to exhaust, potentially meritorious claims, and no evidence of intentional delay tactics by the petitioner. *Id.* Here, the Court finds no reason to stay and abey sua sponte the mixed petition at issue. Petitioner does not dispute Respondent's assertion that his claim for being wrongly sentenced as a habitual offender is unexhausted.

District courts have another option beyond *Rose*'s "two paths" and *Rhines*' stay-and-abey procedures. That is, the court may elect to address an unexhausted claim "if pursuit of a state court remedy would be futile, or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity." *Sitto v. Bock*, 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002) (citing *Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich.1988); *Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir. 1987)). "Although the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition." *Id*. (citing *Granberry v. Greer*, 481 U.S. 129, 134–35 (1987); *Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987)). Further, the statute governing state prisoners' habeas petitions expressly permits a court to reach the merits of a petition "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

In the instant case Petitioner's return to the state courts to exhaust his sentencing claim would be futile. The trial court already addressed the issue of the wrongful application of the habitual offender enhancement to Petitioner's sentence. It resentenced him without the enhancement. 7-14-17 Post-Conv'n Hr'g Tr. at 9, ECF 8-14 at PageID.929; Mich. Ct. of App. record at 142, ECF No. 8-16 at PageID.1093.

"If a remedy is unavailable to a petitioner because the time to seek that remedy has expired, or because pursuit of the remedy would be futile, then petitioner is not required to pursue that state remedy." *Witzke*, 702 F. Supp. at 1348 (citing *Keener v. Ridenour*, 594 F.2d 581, 584 (6th Cir.

1979)). Here, Petitioner's return to state court would be futile because the state courts have already addressed Petitioner's concerns about his original habitual offender sentence. Accordingly, the petition will not be dismissed, despite the "mixed" nature of the habeas petition.

**II.**

Accordingly, it is **ORDERED** that Respondent's Motion to Dismiss, ECF No. 7, is **DENIED WITHOUT PREJUDICE.**

It is further **ORDERED** that Respondent is **DIRECTED** to file a Response to the petition on or before **February 10, 2020**.

Dated: January 10, 2020                                             s/Thomas L. Ludington
                                                                    THOMAS L. LUDINGTON
                                                                    United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Jim Williams, Jr.** #256142, ST. LOUIS CORRECTIONAL FACILITY, 8585 N. CROSWELL ROAD, ST. LOUIS, MI 48880 by first class U.S. mail on January 10, 2020.

s/Kelly Winslow
KELLY WINSLOW