**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

JIM WILLIAMS, JR.,

        Petitioner,　　　　　　　　　　Case No. 19-10416
　　　　　　　　　　　　　　　　　　　Hon. Thomas L. Ludington
v.　　　　　　　　　　　　　　　　　　Hon. David R. Grand

MARK MCCULLICK,

        Respondent.
_____/

**OPINION AND ORDER DENYING RESPONDENT'S MOTION FOR RECONSIDERATION, DISMISSING CLAIM II AND DIRECTING RESPONDENT TO FILE A RESPONSE TO CLAIM I OF THE PETITION FOR WRIT OF HABEAS CORPUS**

On February 5, 2019, Michigan prisoner Jim Williams, Jr., filed a petition for writ of habeas corpus, challenging his August 2016 jury trial convictions in Wayne County Circuit Court. Petitioner was convicted of:

- Assault with intent to do great bodily harm less than murder, "assault offense," MCL § 750.84
- Discharge of a firearm at or in a building causing physical injury, MCL § 750.234b(3)
- Carrying a weapon with unlawful intent, MCL § 750.226
- Possession of a firearm by a felon, MCL § 750.224f
- Unlawfully carrying a concealed weapon, MCL § 750.227
- Felony firearm, second offense, "felony firearm offense" MCL § 750.227b

In October 2016, Williams was sentenced as a habitual offender to 60–120 months for the assault offense, 83–180 months for discharge of a firearm, 21–60 months for carrying a weapon with unlawful intent, felon in possession, and carrying a concealed weapon, and five years for the felony firearm offense. ECF No. 8-16 at PageID.956. All sentences were imposed concurrently, except the assault and felony firearm offense which was imposed consecutively.

Petitioner raises two issues in his petition:

[Claim] I. [Williams] is entitled to reversal of his conviction where trial counsel provided ineffective assistance of counsel such as depriving him of his sixth amendment and the right to a fair trial thereby violating his right to due process as guaranteed by the fourteenth amendment of the United States.
    A. Trial counsel was ineffective for not objecting to the introduction evidence of exhibit 19. [sic]
    B. Trial counsel was ineffective for not filing motion in limine seeking to exclude court identification of Mr. Williams.
    C. Trial counsel was ineffective for not securing security footage which would have shown that the complainant was lying about an altercation with the defendant.
    D. Trial counsel was ineffective for not securing evidence that another individual had an ongoing dispute with the complainant, including assaults involving weapons. evidence included that the complainant named this individual as the shooter in the within incident when first asked. [sic]

[Claim] II. [Williams] is entitled to re-sentencing where the trial court improperly enhanced his sentencing where no habitual notice had been filed and no plea to the habitual status had be taken violating guaranteed due process rights a defendant is entitled to, as a matter of due process of law to be sentenced on the basis of accurate information. US Const, Am XIV; Mich Const 1963, Art. 1, § 17 the sentencing guidelines must be corrected and defendant resentenced.
ECF No. 1 at PageID.7-9.

Respondent Mark McCullick filed a motion to dismiss because Petitioner's second claim was unexhausted, resulting in a "mixed" petition. ECF No. 7. Respondent's motion was denied because it would have been futile for Petitioner to assert his second claim to the state court of appeals because he had already successfully raised the second claim to the state trial court and had been resentenced without the habitual offender enhancement. Accordingly, Respondent was directed to file a response. ECF No. 10.

Respondent filed a motion for reconsideration, pursuant to Local Rule 7.1(h)(3). ECF No. 11. Respondent accurately points out that Petitioner's second claim for relief (that the trial court improperly enhanced his sentencing where no habitual notice had been filed) was directed at his

sentence for the felony firearm offense and not the assault offense. However, the disposition of the case does not change, so Respondent's motion will be denied.

**I.**

Petitioner was convicted of assault with intent to do great bodily harm, MCL § 750.84, felony firearm second offense, § 750.227b, discharge of a firearm, carrying a weapon with unlawful intent, felon in possession, and carrying a concealed weapon. *People v. Williams*, No. 335608, 2018 WL 1767288, at *1 (Mich. Ct. App. Apr. 12, 2018), *leave to appeal denied*, 503 Mich. 875 (2018). He was sentenced to a determinate five-year sentence for the second felony-firearm offense and as a fourth habitual offender for the assault offense. *See* Mich. Ct. App. record, ECF No. 8-16, PageID.965 (Judgment of Sentence, October 13, 2016); 10/13/16 Sent. Tr., ECF No. 8-13, PageID.909.

Petitioner appealed by right. While the appeal was pending, the trial court granted Petitioner's motion for re-sentencing and resentenced him for the assault offense without the habitual offender enhancement. ECF No. 8-16 at PageID.1093. He was resentenced to 43–120 months on the assault conviction and 65–180 months on the discharge of a firearm conviction. The sentence for the felony firearm second offense was unchanged. ECF No. 8-16 at PageID.1092.

In his direct appeal, Petitioner originally argued that he received ineffective assistance of trial counsel and that the habitual-offender enhancement was improperly applied to his sentence due to lack of notice. *See* ECF No. 8-16 at PageID.989. After he was re-sentenced without the habitual-offender enhancement, his appellate attorney amended his second claim to challenge the revised sentence as disproportionate and unreasonable. *Id*. at PageID.1071. The Michigan Court of Appeals affirmed his conviction and sentence. *Williams*, 2018 WL 1767288, at *1.

In his *pro se* application for leave to appeal in the Michigan Supreme Court, Petitioner argued the same ineffective assistance issue, but the sentencing issue reverted to his original argument against the application of habitual-offender enhancement without notice. Petitioner stated that issue as follows: "The Defendant-Appellant is entitled to re-sentencing where the trial court improperly enhanced his sentencing where no habitual notice had been filed and no plea to the habitual status had been taken." ECF No. 8-17 at PageID.1158. In the application, Petitioner quoted MCL § 769.13 and related case law which requires the prosecution to file a written notice of its intent to seek habitual-offender enhancement. *Id*. at 1161-1163. Petitioner stated that neither he nor his attorney received such notice. *Id*. at 1162. Accordingly, he argued he "should have been sentenced as a first offender." *Id*. at 1164. The Michigan Supreme Court denied leave to appeal. *Williams*, 503 Mich. 875.

**A.**

In his timely petition for writ of habeas corpus, Petitioner raises two claims—his first claim challenges the effectiveness of his attorney related to a number of evidence issues. His second claim is that he was improperly sentenced as a second offender on the felony firearm conviction. He summarized his second ground for relief as follows:

> II. The Defendant-Appellant is entitled to re-sentencing where the trial court improperly enhanced his sentencing where no habitual notice had been filed and no plea to the habitual status had be[en] taken violating guaranteed due process rights a defendant is entitled to, as a matter of due process of law to be sentenced on the basis of accurate information. . . ECF No. 1, PageID.9.

Respondent filed Rule 5 materials and a motion to dismiss the petition as "mixed" because it contained both an exhausted claim (claim one – ineffective assistance of counsel) and an unexhausted one (claim two – the sentencing challenge). ECF No. 7. Respondent's motion was denied because a return to state court to exhaust Petitioner's habitual offender claim would be

futile. ECF No. 10 at PageID.1291. The Court reasoned that because Petitioner was resentenced for the assault conviction without a habitual offender enhancement during the course of his direct appeal, he had received the relief he sought. *Id.* at PageID. 1291-92.

Now before the Court is Respondent's motion for reconsideration. ECF No. 11. He argues that the Court erred when addressing Petitioner's sentencing claim in reference to the sentencing relief he already received (resentencing without the habitual offender enhancement), when Petitioner was in fact challenging his sentence as a second offender on the felony firearm conviction and alleging it was a violation of *Alleyne v. United States*, 570 U.S. 99 (2013). *Id.* at 1294 (citing ECF No. 1 at PageID.35-37). Respondent notes that "[t]he State believes that, on its face, Williams' claim may warrant relief" because Petitioner "never admitted to this being his second conviction" of felony-firearm and the jury did not make such a finding. *Id.* at n.2, PageID.1294-1295. Because Petitioner did not argue he was wrongly sentenced as a second offender for the felony firearm conviction in state court, Respondent continues to assert that Petitioner's sentencing claim is unexhausted and renews his request that the petition be dismissed. *Id.* at PageID.1295-1296.

**II.**

Local Rule 7.1(h) of the Federal District Court, Eastern District of Michigan, governs motions for reconsideration. To prevail on such a motion, the movant "must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Sys.*, 704 F. Supp.

2d 688, 709 (E.D. Mich. 2010) (quoting *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001)).

On review of Respondent's motion for reconsideration, the petition, and the remainder of the record, Respondent is correct that this Court erroneously focused on Petitioner's summary of his argument and did not focus sufficiently on the text of his petition. Petitioner is indeed challenging his sentence for a second offense of felony firearm. However, because the disposition of Petitioner's "mixed" habeas petition does not change, Respondent has not met the criteria for Local Rule 7.1(h)(3).

**III.**

Previously, it was determined by this Court that Petitioner's return to the state courts to exhaust his sentencing claim would be futile because the trial court already provided the relief he sought. *See* ECF No. 10. Relying on *Sitto v. Bock*, Respondent's motion to dismiss the petition was denied. *Sitto v. Bock*, 207 F. Supp. 2d 668 (E.D. Mich. 2002) held that a federal court may elect to address an unexhausted claim "if pursuit of a state court remedy would be futile, or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity." *Id.* at 676 (citing *Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich.1988); *Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir. 1987)). In addition, the statute governing state prisoners' habeas petitions expressly permits a court to reach the merits of a petition "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

When re-evaluating Petitioner's petition, it is clear that Petitioner's second claim, that he was erroneously sentenced as a second offense felony firearm offender, lacks merit. Accordingly, even though the claim is not exhausted, the second claim will be addressed. As explained by *Sitto*,

*supra*, addressing Petitioner's unexhausted sentencing claim now is most efficient and does not offend federal-state comity.

Petitioner challenges his second-offense sentence for felony firearm, MCL § 750.227b(b), for two reasons. Petitioner first argues he should have been sentenced as a first-time offender because as a matter of state law the prosecution failed to provide written notice of its intent to seek sentence enhancement, as he believes is required by MCL § 769.13. Secondly, he contends that as a matter of constitutional law under *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), judicially-found facts may not increase a defendant's mandatory sentence range. Both arguments are meritless.

**A.**

To support his theory that a lack of written notice prevents a second-offense sentence under § 750.227b, Petitioner misreads MCL § 769.13. MCL § 769.13(1) provides

> In a criminal action, the prosecuting attorney may seek to enhance the sentence of the defendant as provided under section 10, 11, or 12 of this chapter, by filing a written notice of his or her intent to do so within 21 days after the defendant's arraignment on the information charging the underlying offense or, if arraignment is waived, within 21 days after the filing of the information charging the underlying offense.

Sections 769.10, 769.11, and 769.12 discuss the enhanced sentences for individuals convicted of a subsequent, third, or fourth felony. MCL § 769.13 does not, however, govern sentence enhancement statutes. "There is a distinction between sentence-enhancement statutes, such as the felony-firearm statute, and the habitual offender statutes." *People v. Jackson*, 2017 WL 2704913 (Mich. Ct. App. June 22, 2017); *People v. Williams*, 544 N.W.2d 480, 481 (Mich. Ct. App. 1996) ("The Court differentiated habitual offender statutes from sentence-enhancement statutes. It concluded that due process is satisfied as long as the sentence is based on accurate information and the defendant has a reasonable opportunity at sentencing to challenge that information.").

Section 769.13 notice does not apply to the criminal statute for felony-firearm and its heightened sentences for repeat offenders. Accordingly, the lack of such notice does not undermine the proper application of the five-year determinate sentence of § 750.227b(b) to Petitioner.[1]

As to Petitioner's reliance on *Alleyne*, *supra*, and *Apprendi*, *supra*, he quotes but overlooks *Apprendi*'s exception – "the fact of a prior conviction" – to its requirement that a jury must find beyond a reasonable doubt any fact that increases a criminal penalty beyond its statutory maximum. *Apprendi*, 530 U.S. at 490. This "recidivist issue" (whether a prior conviction must be found by the trier-of-fact) has generated much debate within the Court's opinions over the years. *See*, *e.g.*, *Shepard v. United States*, 544 U.S. 13, 27 (2005) (Thomas, J., concurring); *Almendarez-Torres v. United States*, 523 U.S. 224, 268 (1998) (Scalia, J, dissenting). However, *Apprendi* remains "clearly established Federal law, as determined by the Supreme Court of the United States," for the purposes of 28 U.S.C. § 2254(d)(1). *See United States v. Haymond*, 139 S. Ct. 2369, 2377 n.3 (2019) (noting "two narrow exceptions to *Apprendi*'s general rule[,]" the first being that "[p]rosecutors need not prove to a jury the fact of a defendant's prior conviction" (citing *Almendarez-Torres*, 523 U.S. 224).

**B.**

Finally, Petitioner never argues in his pleadings that he did not have a prior felony firearm conviction, rendering the second-offense sentence increase inapplicable to him, only that there was a state-law failure on the lack of notice and that a jury should have determined whether he had a

---

[1] Also, "a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus," and federal habeas relief is not available for errors of state law. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam). Any error by the state courts in notice or other aspects of its sentencing provisions would not support habeas relief, absent "infringe[ment of] specific federal constitutional protections[.]" *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (citing 28 U.S.C. § 2254; *Estelle v. McGuire*, 502 U.S. 62 (1991)).

prior conviction. In fact, Petitioner *has* a prior conviction, and Petitioner's attorney even referenced it during his re-sentencing. *See People v. Williams*, No. 204928, 1999 WL 33453973, at *1 (Mich. Ct. App. Feb. 26, 1999);[2] ECF No. 18-15 at PageID.944. The five-year mandatory determinate sentence was properly imposed on Petitioner as a second-time offender.

Because Petitioner's unexhausted sentencing claim is meritless, it would offend judicial economy to encourage Petitioner to return to the trial court to exhaust the claim, or even for the Court to wait for Petitioner to submit an amended complaint raising only the exhausted issue. Accordingly, Petitioner's second claim that he was improperly sentenced will be dismissed. Respondent will be directed to respond to claim one in Petitioner's petition.

### III.

Accordingly, it is **ORDERED** that Respondent's Motion for Reconsideration, ECF No. 11, is **DENIED.**

It is further **ORDERED** that Claim II of Petitioner's petition for writ of habeas corpus, ECF No. 1, is **DISMISSED**. His first claim, ineffective assistance of counsel, remains.

It is further **ORDERED** that Respondent is **DIRECTED** to file a Response to claim one of the petition by **February 28, 2020**.

Dated: February 13, 2020              s/Thomas L. Ludington
                                      THOMAS L. LUDINGTON
                                      United States District Judge

---

[2] The Court is "authorized to 'take judicial notice of proceedings in other courts of record[.]'" *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 972 n. 5 (6th Cir. 2005) (citations omitted).

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Jim Williams, Jr.** #256142, THUMB CORRECTIONAL FACILITY, 3225 JOHN CONLEY DRIVE, LAPEER, MI 48446 or first class U.S. mail on February 13, 2020.

                                         s/Kelly Winslow
                                         KELLY WINSLOW, Case Manager