UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| JIM WILLIAMS, JR., | |
|              Petitioner, | Case Number: 1:19-cv-10416 |
| v. | Honorable Thomas L. Ludington<br>United States District Judge |
| MARK MCCULLICK, | |
|              Respondent. | Honorable David R. Grand<br>United States Magistrate Judge |
| _____/ | |

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Jim Williams, Jr. is confined at the St. Louis Correctional Facility in St. Louis, Michigan. ECF No. 1. On February 5, 2019, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his August 18, 2016 jury trial convictions in the Third Circuit Court of Wayne County. *Id.* For the reasons stated hereafter, the Petition will be denied, and a certificate of appealability will issue, and Petitioner may not appeal in forma pauperis.

**I.**

A Wayne County jury convicted Petitioner of assault with intent to do great bodily harm, MICH. COMP. LAWS § 750.84; discharging a firearm at a building causing injury, *id.* § 750.234b(3); carrying a dangerous weapon with unlawful intent, *id.* § 750.226; felony firearm possession, *id.* § 750.224f; carrying a concealed weapon, *id.* § 750.227; and felony firearm possession, second offense, *id.* § 750.227b. *People v. Williams*, No. 335608, 2018 WL 1767288, at *1 (Mich. Ct. App. Apr. 12, 2018) (per curiam) (unpublished), *appeal denied*, 917 N.W.2d 660 (Mich. 2018). On October 13, 2016, Petitioner was sentenced to 60 to 120 months' imprisonment for the assault; 83 to 180 months for the firearm discharge; 21 to 60 months each for carrying a dangerous weapon

with unlawful intent, felon in possession of a firearm, and concealed carry; and 5 years for the second felony firearm offense. *See* ECF No. 8-16 at PageID.956.

Petitioner brought a direct appeal by right. While the appeal was pending, the trial court granted Petitioner's motion for resentencing because a habitual-offender enhancement had been applied to his sentence without proper notice. *See* ECF No. 8-16, PageID.989. On September 14, 2017, the court resentenced Petitioner without the enhancement. *Williams*, 2018 WL 1767288, at *1. The court adjusted his discharge conviction to 65 to 180 months' imprisonment concurrent with all but his assault conviction, which the court also adjusted to 43 to 120 months. ECF No. 8-1 at PageID.161.

After the court resentenced Petitioner without the enhancement, his appellate attorney challenged the revised sentence as disproportionate and unreasonable. ECF No. 8-16 at PageID.1071. The Michigan Court of Appeals affirmed his convictions and sentence, *Williams*, 2018 WL 1767288, at *1, and the Michigan Supreme Court denied him leave to appeal, *Williams*, 917 N.W.2d 660.

This Court recites verbatim the relevant facts the Michigan Court of Appeals relied on, which are presumed correct in habeas proceedings brought under 28 U.S.C. § 2254, *see Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009) (citing 28 U.S.C. § 2254(e)(1)):

> According to the evidence introduced at trial, defendant had an altercation with Demetrius Beckum at a liquor store on April 30, 2015. Later that day, defendant fired several shots at Beckum while Beckum was speaking to Verdena Jamison on Jamison's front porch. Beckum was shot in the foot. Defendant then fled the scene in a blue-green van. Beckum identified defendant as the shooter, and Jamison's neighbor, Jeffery Woodford, heard the shots and saw defendant driving away in the blue-green van.

*Williams*, 2018 WL 1767288, at *1.

Petitioner's timely pro se application to this Court for a writ of habeas corpus states the following grounds for relief:

> I. The Defendant-Appellant is entitled to reversal of his conviction where trial counsel provided ineffective assistance of counsel such as depriving him of his Sixth Amendment [right] and the right to a fair trial thereby violating his right to due process as guaranteed by the Fourteenth Amendment of the United States.
> . . . .
> II. The Defendant-Appellant is entitled to re-sentencing where the trial court improperly enhanced his sentencing where no habitual notice had been filed and no plea to the habitual status had be[en] taken violating guaranteed due process rights a defendant is entitled to, as a matter of due process of law to be sentenced on the basis of accurate information. The Sentencing Guidelines must be corrected and defendant resentenced.

ECF No. 1 at Page.ID 7–9 (emphasis and citations omitted).

Respondent filed a motion to dismiss the Petition, alleging that it was a "mixed petition" because Petitioner's ineffective-assistance claim was exhausted in the state courts, but his sentencing claim was not. ECF No. 7. This Court denied not only that motion, *see* ECF No. 10, but also Respondent's motion for reconsideration of the denial, ECF No. 11. *See* ECF No. 13. In denying the motion for reconsideration, this Court both directed Respondent to file an answer to the Petition and dismissed as meritless Petitioner's second unexhausted claim, which challenged the second-offense felony firearm conviction. *Id.*

Petitioner's remaining claim for relief is that he received ineffective assistance of trial counsel. On that remaining issue, Respondent answered, ECF No. 14, and Petitioner replied. ECF No. 18.

**II.**

The following standard of review applies to § 2254 habeas petitions:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established Federal law if it either (1) applies a standard different than what Supreme Court precedent says to apply or (2) applies the correct precedent to materially indistinguishable facts but reaches a different result. *Williams v. Taylor*, 529 U.S. 362, 397, 405–06, 413 (2000). But a state decision that applies a state-law standard is not "contrary to" clearly established Federal law if the state standard is practically similar to the Supreme Court's. *See Robertson v. Morgan*, No. 20-3254, 2020 WL 8766399, at *4 (6th Cir. Dec. 28, 2020) (holding state decision was not "contrary to" because it applied a state-law standard bearing "some similarity" to the *Brady* standard).

AEDPA "imposes a highly deferential standard for evaluating state-court rulings" and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted). If the state decision was not "contrary to" clearly established Federal law, then it "precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In this way, to obtain habeas relief in federal court, a state prisoner must show that the state court's denial "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103. A "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

A petition should be denied if it is within the "realm of possibility" that fairminded jurists could find the state decision to be reasonable. *See Woods v. Etherton,* 587 U.S. 113, 113 (2016) (per curiam). For claims the state court adjudicated on the merits, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

**A.**

Petitioner argues that his trial counsel was ineffective for (1) not objecting to the introduction into evidence of "exhibit 19" (surveillance video of a van, *see* ECF No. 8-10 at PageID.612); (2) not filing a motion in limine to exclude witness Jamison's in-court identification of Petitioner; (3) not securing video footage that would have demonstrated victim Demetrius Beckum lied about an earlier altercation with Petitioner; and (4) not securing evidence about another individual who had an ongoing dispute with Beckum. ECF No. 1 at PageID.7. The Michigan Court of Appeals rejected all of Petitioner's theories of ineffective assistance of counsel. *People v. Williams*, No. 335608, 2018 WL 1767288, at *1–3 (Mich. Ct. App. Apr. 12, 2018) (per curiam) (unpublished), *appeal denied*, 917 N.W.2d 660 (Mich. 2018).

Habeas claims based on ineffective assistance of counsel are evaluated under a "doubly deferential" standard. *Abby v. Howe*, 742 F.3d 221, 226 (6th Cir. 2014) (citing *Burt v. Titlow*, 571 U.S. 12, 15 (2013)). The first layer is the familiar deficient-performance-plus-prejudice standard from *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). That is, Petitioner must first show "that counsel's representation fell below an objective standard of reasonableness," and then that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012) (citations omitted). To that end, courts must "'indulge a strong presumption that counsel's conduct falls

within the wide range of reasonable professional assistance.'" *Hodge v. Haeberlin*, 579 F.3d 627, 642 (6th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689).

AEDPA provides a second layer of deference by requiring habeas courts to "examine only whether the state court was reasonable in its determination that counsel's performance was adequate." *Abby*, 742 F.3d at 226 (citing *Burt*, 571 U.S. at 13). In this way, to prevail on an ineffective-assistance claim, Petitioner "must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Bell v. Cone*, 535 U.S. 685, 699 (2002).

Success on ineffective-assistance claims is rare, as the *Strickland* standard "is 'difficult to meet.'" *White v. Woodall*, 572 U.S. 415, 419 (2014) (quoting *Metrish v. Lancaster*, 569 U.S. 351, 351, 357–58 (2013)). Indeed, AEDPA's "doubly deferential" standard requires this Court to give "both the state court and the defense attorney the benefit of the doubt." *Burt*, 571 U.S. at 15. Consequently, "the question is not whether counsel's actions were reasonable" but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington v. Richter*, 562 U.S. 86, 105 (2011).

**B.**

None of Petitioner's theories of his trial counsel's ineffective assistance break through the *Strickland*–AEDPA barrier.

**i.**

Frist, Petitioner argues that counsel was ineffective for failing to file a motion to exclude a surveillance video that showed a minivan similar to Petitioner's driving away from the scene of the shooting. ECF No. 1 at PageID.31. He asserts that the video was introduced without an evidentiary foundation. *Id.* The Michigan Court of Appeals, citing testimony of both the homeowner who owned the security camera and the detective who acquired and searched the video

based on the date and time of the incident, found that any objection to admission of the video would have been futile. *People v. Williams*, No. 335608, 2018 WL 1767288, at *2 (Mich. Ct. App. Apr. 12, 2018) (per curiam) (unpublished), *appeal denied*, 917 N.W.2d 660 (Mich. 2018).

The state court's decision was not unreasonable. As the Michigan Court of Appeals found, trial testimony established the location of the camera, *see* ECF No. 8-9 at PageID.599–600, and the jury saw photographs of the location, which the detective who took the photos confirmed, *see* ECF No. 8-10 at PageID.741–42. Indeed, the detective testified as to both when he acquired the surveillance video and how he identified the video associated with the date and time of the shooting. *Id*. at PageID.758–59, 777–78. In this way, the prosecution established an evidentiary foundation for the surveillance video.

Against that testimony, a motion to exclude the video would have been futile. Attorneys do not provide constitutionally ineffective assistance for electing not to take futile actions, *Richardson v. Palmer*, 941 F.3d 838, 857 (6th Cir. 2019) (citing *Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000)), or for "failing to raise . . . meritless arguments." *Mapes v. Coyle*, 171 F.3d 408, 427 (6th Cir. 1999); *see also Downs v. United States*, 879 F.3d 688, 691 (6th Cir. 2018); *Kelly v. Lazaroff*, 846 F.3d 819, 831 (6th Cir. 2017). For that reason, Petitioner's first claim has no merit.

**ii.**

Petitioner next argues that counsel was ineffective for failing to file a motion to exclude witness Verdena Jamison's identification of him, both in court and through a photo array. ECF No. 1 at PageID.31–32. The Michigan Court of Appeals held that Petitioner had not provided factual support or legal authority for this argument, and that it nevertheless had no merit. *Williams*, 2018 WL 1767288, at *2.

Trial counsel impeached Jamison by citing her inconsistencies. He contested whether she knew Petitioner by name; whether she was able to get a good look at the shooter; and her recollection of the photo array, during which she could only narrow the suspect down to two pictures. *See* ECF No. 8-9 at PageID.523–24, 529, 550–52. Counsel also challenged her testimony in his closing argument. *See* ECF No. 8-11 at PageID.846, 853–54.

As indicated, an attorney does not provide constitutionally deficient legal counsel for not raising an argument that is futile or meritless. The record indicates no basis by which Jamison's testimony could have been excluded. In this way, the state court was not unreasonable for finding that counsel's attacks on the witness's credibility satisfied objective professional standards. For that reason, Petitioner's second claim has no merit.

### iii.

Petitioner also argues that his trial attorney was ineffective for failing to obtain a video that would have undermined victim Beckum's testimony that he had a physical altercation with Petitioner shortly before the shooting. ECF No. 1 at PageID.32. But the state court held that defense counsel's alternative strategy—spotlighting Beckum in a bad light by arguing that Petitioner was the victim of the beating—though unsuccessful, was not objectively unreasonable. *Williams*, 2018 WL 1767288, at *2. And under the *Strickland*–AEDPA "doubly deferential" standard, this Court must presume that counsel's choice was sound and that the state court's determination was not unreasonable. Petitioner has not overcome that presumption. For that reason, Petitioner's third claim has no merit.

### iv.

Finally, Petitioner argues that his attorney was ineffective because he did not secure evidence that Tyrone Keys, Beckum's neighbor and Petitioner's cousin, had an ongoing dispute

with Beckum, and that Beckum had named Keys as the shooter in his initial report to the police. ECF No. 1 at PageID.33–34. But the trial record reveals that Beckum elaborately testified about his dispute with Keys. In this way, Petitioner's argument is refuted on both counts.

Beckum testified that he previously had no problems with Petitioner but did with Keys. ECF No. 8-10 at PageID.615–16. Beckum also testified in detail about an altercation the day before the shooting during which Keys pulled a gun on Beckum. *Id*. at PageID.649–57. At trial, Beckum denied that he told police that Keys shot him during that altercation. *Id*. at PageID. 664, 684.

In addition, the police asked three witnesses about Beckum's purported identification of Keys as the shooter. One police officer reported that he was told by another "scout" that Beckum had named Keys as the shooter. *Id*. at PageID.726, 728. But Beckum told Roland Frederick, the first police officer he flagged down after being shot, that Petitioner (under his street name "Jim Jim") was the shooter. *Id*. at PageID.691–92. At trial, Frederick testified that Beckum told him about the incident with Keys the day before the shooting but did not name Keys as the shooter. *Id*. at 692–93. Finally, the investigating detective testified that Beckum told him that Petitioner was the shooter and that he had known Petitioner for more than 10 years. *Id*. at PageID. 808, 810.

Contrary to Petitioner's claim, the prosecution presented evidence of Beckum's conflict with Keys and his alleged identification of Keys as the shooter. Defense counsel also addressed that evidence during cross-examination. In this way, counsel was not ineffective, and the state court's rejection of Petitioner's fourth claim was not unreasonable. For these reasons, Petitioner's fourth claim has no merit.

### III.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Skaggs v. Parker*, 235 F.3d 261, 266 (6th Cir. 2000). When a court rejects a habeas claim on the merits, the substantial-showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) ("A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.").

In applying that standard, a district court may not conduct a full merits review and must "limit its examination to a threshold inquiry into the underlying merit of [the petitioner's] claims." *Miller-El*, 537 U.S. at 323. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Reasonable jurists could not debate this Court's conclusion that Petitioner is not entitled to habeas relief. *Slack*, 529 U.S. at 484–85. For that reason, a certificate of appealability will not issue. And this Court finds that an appeal of this Order would not be made in good faith because Petitioner's arguments have no merit. *See Royster v. Warden, Chillicothe Corr. Inst.*, No. 17-3205, 2017 WL 8218911, at *2 (6th Cir. Sept. 29, 2017). Consequently, Petitioner may not appeal in forma pauperis. 28 U.S.C. § 1915(a)(3).

**IV.**

Accordingly, it is **ORDERED** that the Petition for a Writ of Habeas Corpus, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

Further, it is **ORDERED** that a certificate of appealability is **DENIED**.

Further, it is **ORDERED** that leave to proceed in forma pauperis on appeal is **DENIED**.


Dated: December 8, 2021                          <u>s/Thomas L. Ludington</u>
                                                 THOMAS L. LUDINGTON
                                                 United States District Judge